The Honorable Frank J. Willems State Representative Route 3 Paris, AR 72855
Dear Representative Willems:
This is in response to your request for an opinion on whether the City of Magazine, Arkansas can legally use "Water Department" funds to repair and paint its sewage treatment tank. You note that the tank is in dire need of repair, and that the "Water Department" funds are the only funds available.
It is my opinion that the answer to this question is a qualified "yes".
General authority to construct or acquire waterworks is granted in A.C.A. 14-54-702. See also A.C.A. 14-234-203. You do not indicate what form the authority charged with the responsibility for overseeing the City of Magazine's waterworks takes. It is possible that the City of Magazine, a city of the second class, has a Waterworks Commission, (A.C.A. 14-234-302), a Public Utilities Board (A.C.A. 14-201-302), joins with another municipality in operating a joint system, (A.C.A. 14-234-503), or employs none of these methods and simply manages the waterworks through existing city officials. See A.C.A. 14-54-702, supra. It is my opinion that under any of these alternatives, the city has the authority to expend "Water Department" funds on the sewage tank as long as other proper expenditures of the "Water Department", namely expenses for maintenance and operation and the cost of outstanding bonds, have been made.
This concept was discussed in Opinion No. 87-233, (a copy of which is enclosed). In that opinion, it was concluded that a local water commission could expend Commission revenue to construct a new water line. Reference is made in that opinion to what is now A.C.A. 14-234-214, which has been interpreted as providing that: . . . the operating authority can pay surplus funds over to the city only after taking into account the cost of operations and maintenance, allowing for replacement costs and depreciation, providing for interest redemption and purchasing all outstanding bonds.
City of Little Rock v. Cash, 277 Ark. 494, 644 S.W.2d 229
(1982), at p. 500, cert denied 462 U.S. 1111 (1983).
A similar requirement is imposed on the use of waterworks funds managed by a Public Utilities Board, (See A.C.A. 14-201-325), and under a joint system, (See A.C.A. 14-234-513), copies of both enclosed).
Additionally, the Arkansas Supreme Court has held that under Act 131 of 1933, (A.C.A. 14-234-204), (copy enclosed), municipalities may use the profits from operation of a municipal waterworks system, (after expenses of maintenance and operation have been paid), for a purpose unrelated to the waterworks plant. Mathers v. Moss, Mayor, 202 Ark. 554, 151 S.W.2d 660 (1941). See also, Johnson v. Dermott, 189 Ark. 830, 75 S.W.2d 243 (1934).
It is thus my opinion that the City of Magazine may use "Water Department" funds to repair the city's sewage treatment tank if all of the above conditions have been met.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.